

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 18, 1989

Honorable Kent A. Caperton          Opinion No. JM-1119
Chairman
Finance Committee                   Re:    Effect and authority of
Texas State Senate                  a grand  jury  recommendation
P. O. Box 12068                     regarding a  county's use  of
Austin, Texas    78711              night depositories  (RQ-1859)

Dear Senator Caperton:

You ask about the effect of a grand jury recommendation relative to the tax assessor-collector's use of a bank's night depository. You also ask about the liability for the money once it has been deposited.

Article 20.09 of the Code of Criminal Procedure sets forth the "duties of the grand jury," as follows:

> The grand jury shall inquire into all offenses liable to indictment of which any member may have knowledge, or of which they shall be informed by the attorney representing the State, or any other credible person.

Article 20.19 of the Code of Criminal Procedure provides for voting on the presentment of an indictment by members of the grand jury voting after hearing testimony. Article 20.19 states:

> After all the testimony which is accessible to the grand jury shall have been given in respect to any criminal accusation, the vote shall be taken as to the presentment of an indictment, and if nine members concur in finding the bill, the foreman shall make a memorandum of the same with such data as will enable the attorney who represents the State to write the indictment.

Article 20.21 of the Code of Criminal Procedure addresses the matter of the grand jury's report to the court. Article 20.21 states:

> When the indictment is ready to be presented, the grand jury shall go through their foreman, and deliver the indictment to the judge or clerk of the court. At least nine members of the grand jury must be present on such occasion.

Attorney General Opinion M-1171 (1972) concluded that a grand jury may only investigate alleged criminal offenses and may only report as to indictments returned or rejected. See Rich v. Eason, 180 S.W. 303 (Tex. Civ. App. - Beaumont 1915, no writ).

A law review article, comment, Grand Jury Reports: An Examination of the Law in Texas and Other Jurisdictions, 7 St. Mary's L.J. 374 (1975), recognized that grand juries in Texas over the years have issued numerous reports relating to matters of public interest as well as those relating to misconduct of public officials. Grand juries in Texas, like the vast majority of other states, lack constitutional and statutory authority to make reports and recommendations. Id. The comment notes that the propriety of such action has long been the source of discussion, pro and con, even under common law where grand jury reports were not recognized. Id. at 378.

You do not ask nor do we address the matter of the propriety of grand jury reports or recommendations. However, we conclude that a grand jury recommendation regarding the tax assessor-collector's use of a bank's night depository lacks the statutory underpinnings to render same a binding order.

You also ask about the liability for the money once it has been deposited. Absent the factual context in which the transaction arises we are unable to answer your question. Further, it appears from the information you have furnished us that this question is prompted by an indictment pending against an employee in the tax assessor-collector's office. It is a long standing policy of this office not to answer questions about which litigation is pending.

S U M M A R Y

A grand jury recommendation relative to the use of a bank's night depository is not binding on the tax assessor-collector.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General